IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LONNIE LANORRIS HOLLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-0236 |
| ) | |
| STEVENSON NIXON, Warden, ) | Chief Judge Sharp |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Lonnie Lanorris Holland, a state prisoner incarcerated at the DeBerry Special Needs Facility in Nashville, Tennessee, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1) seeking review of his 2012 conviction in the Criminal Court for Davidson County, Tennessee for second-degree murder. Before the Court is the respondent's motion to dismiss the petition on the grounds that it is time-barred. (ECF No. 32.) For the reasons set forth herein, the Court finds that the petition is barred by the statute of limitations found at 28 U.S.C. § 2244(d)(1)(A). The Court will grant the motion to dismiss on the basis that the petition is untimely.

**I. Procedural Background**

Mr. Holland entered a "best interest" guilty plea on June 21, 2012 to the charge of second-degree murder. He received a sentence of 15 years' incarceration in the custody of the Tennessee Department of Correction. He did not pursue a direct appeal of the conviction. On June 12, 2013, Mr. Holland filed a *pro se* petition for post-conviction relief in the state court. (ECF No. 31-1, at 12.) The trial court conducted an evidentiary hearing and denied relief. (ECF No. 31-1, at 37.) That decision was affirmed. *Holland v. State*, No. M2014-00124-CCA-R3-PC, 2014 WL 4953613 (Tenn. Ct. Crim. App. Oct. 3, 2014), *perm. appeal denied* (Tenn. Jan. 16, 2015).

Mr. Holland filed his federal petition for the writ of habeas corpus in this Court on March 5, 2015. (*See* ECF No. 1, at 19.)

**II. The One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations

period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). The limitations period begins to run from the latest of four enumerated events, only one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

AEDPA also provides that the limitations period is tolled during "[t]he time [that] a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Jurado v. Burt*, 337 F.3d 638, 640 (2003).

In addition, the limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The doctrine of equitable tolling is used sparingly, however, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir.2011) (citation omitted), and is typically applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citing omitted).

## III.  Application of the Statute of Limitations to this Case

Judgment in this case was entered on June 21, 2012. (ECF No. 31-1, at 11.) The petitioner did not pursue a direct appeal of his conviction, so the conviction became final on the last day upon which the petitioner could have filed a notice of appeal. *See* Tenn. R. App. P. 4(a) (judgment becomes final thirty

---

[1] The statute may also run from:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)–(D).

days after entry unless a timely notice of appeal or a specified post-trial motion is filed); *see also State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding under Tennessee law that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). In the petitioner's case, the 30th day following entry of judgment, July 21, 2012, fell on a Saturday, so the judgment actually became final on Monday, July 23, 2012, for purposes of calculating the statute of limitations.

The limitations period ran for 326 days—from July 23, 2012 until June 12, 2013—when the petitioner filed a timely state petition for post-conviction relief. It was tolled beginning on June 12, 2013 until the Tennessee Supreme Court denied permission to appeal on January 16, 2015. The statute of limitations began running from that date, with 39 days left on the federal clock. The one-year statute of limitations therefore expired on Tuesday, February 24, 2015. The petitioner filed his habeas petition in this Court 9 days later, on March 5, 2015.

In his reply brief, the petitioner does not dispute the respondent's statement of the dates on which the various filings took place or the calculation of the expiration date of the limitations period.[2] Nor does he argue that equitable tolling applies. The petitioner, instead, raises the novel argument that, because he entered a plea, he forfeited his right to participate in the state appellate system but not his right to petition the United States Supreme Court for the writ of certiorari. Therefore, he argues, the Court should conclude that the judgment against him did not become final until 90 days after entry of judgment, the amount of time allotted for filing a certiorari petition in the Supreme Court.

Much as the Court appreciates the novelty of this argument, by statute, the limitations period for filing a federal habeas petition runs from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because the petitioner failed to file a notice of appeal, under Tennessee law, the judgment became final upon the expiration of the time for seeking direct review. *Green*, 106 S.W.3d at 650. The petitioner's argument is unavailing.

---

[2] The respondent's date inexplicably differs from the Court's by 2 days, but this difference does not change the outcome of the case.

**IV.     Conclusion**

Because it plainly appears from the face of the petition and the documents in the record filed by the respondent that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that the petitioner is not entitled to relief in this court, Rule 4, Rules Gov'g § 2254 Cases, the respondent's motion to dismiss will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in *Miller-El*, the court finds that jurists of reason would not disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

_____
KEVIN H. SHARP
Chief Judge, United States District Court